IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **ALFRED DAYS,**<br>    **Plaintiff,**<br><br>Vs.<br><br>**WARDEN SCOTT CRICKMAR;**<br>**DEPUTY WARDEN ALISA HAMMOCK; and**<br>**DR. HILL,**<br>    **Defendants.** | **CIVIL ACTION NO.**<br>**4:14-CV-00083** |

## AMENDED COMPLAINT

Plaintiff, Alfred Days, files this Amended Complaint pursuant to the Eighth Amendment of the Constitution of the United States and 42 U.S.C. § 1983 and 15607, and the Prison Rape Elimination Act ("PREA") 42 U.S.C. § 1501 et seq, and states as follows:

### PLAINTIFFS

2.

Plaintiff Alfred Days ("Plaintiff Days") is currently incarcerated in the Georgia Department of Corrections and brings this action for damages for injuries suffered in a violent attack and sexual assault at Hays State Prison in Trion, Georgia, which is within the Northern District of Georgia.

## DEFENDANTS

3.

Defendant Warden Scott Crickmar ("Defendant Crickmar") was at all times relevant the Warden of Hays State Prison; Deputy Warden Alisa Hammock ("Defendant Hammock") was at all times relevant the Deputy Warden at Hays State Prison; and Defendant Dr. Hill ("Defendant Hill") was at all times relevant a medical doctor at Hays State Prison located in Trion, Georgia which is within the Northern District of Georgia. Said Defendants are subject to the jurisdiction of this Court.

## JURISDICTION

4.

Jurisdiction for this action is pursuant to 28 U.S.C. § 1331 and arises under the Eight Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

## VENUE

5.

Venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Northern District of Georgia where at all times relevant the acts of the Defendants occurred giving rise to this cause of action at Hays State Prison

located in Trion, Georgia, within the Northern District of Georgia. The Defendants reside and may be found and served in the Northern District of Georgia.

## PREREQUISITES TO FILING

6.

Plaintiff Days has exhausted to the extent available administrative remedies and has satisfied prerequisites to filing this action concerning prison conditions required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Plaintiff Hays has properly filed grievances which have been forwarded to the Internal Investigation Unit, satisfying the requirement to exhaust administrative remedies prior to filing this civil action. Further, pursuant to the standards of 42 U.S.C. § 15607, the Prison Rape Elimination Act ("PREA"), § 115.52, provides that an "inmate is not required to use any informal grievance process, or otherwise attempt to resolve with the staff, an alleged incident of sexual abuse."

## OPERATIVE FACTS

7.

On December 19, 2014 Plaintiff Days was brutally attacked and sexually assaulted by gang members in the kitchen bathroom of Hays State Prison to which Defendants were deliberately indifferent to maintaining adequate security and the security protection of Plaintiff Days from physical and sexual attacks by gang members and to the substantial risks of injury to Plaintiff Days. Plaintiff Days, who

had previously requested and was denied to be placed in protective custody, was brutally attacked by the gang of inmates who repeatedly kicked, stomped and punched Plaintiff Days as well as violently sexually assaulted him with a broom handle being rammed up his rectum.

8.

Prior to the attack on December 19, 2014, Plaintiff Days was assigned to an outside work detail where he was responsible for lawn maintenance at a location about 45 minutes away from Hays State Prison. On numerous occasions, Plaintiff Days was confronted by other inmates who openly belonged to gangs in the prison. These gang members threatened and demanded Plaintiff Days to smuggle in contraband, given his outside access, to which Plaintiff Days refused to participate. After his refusal, gang members began to threaten Plaintiff Days life.

9.

In response to the threats on his life by gang members for refusing to participate in the smuggling of contraband into the prison, Plaintiff Days requested to be placed in protective custody. Plaintiff Days was placed in Isolation Segregation for thirty days, during which he wrote to Defendants Crickmar and Hammock requesting that he be placed in protective custody. Plaintiff Days never received any written response to these letters but received a message from Defendant Crickmar though a lieutenant that Plaintiff Days must give Defendant

Crickmar a list of names of gang members if he wanted to remain in protective custody. Plaintiff Days declined to give the names of the gang members who threatened him out of legitimate fear for his life from retribution from gang members. Following this, Plaintiff Days was released by Defendants Crickmar and Hammock from protective custody back into general population where he was subjected to substantial risk of injury by the gang member who had threatened him.

10.

On December 19, 2014 Plaintiff Days was walking out of the kitchen restroom when he felt someone grab his neck from behind in a chokehold position, causing him to black out, and pull him back in to the restroom. When Plaintiff Days came to, he was lying in the fetal position on the bathroom floor with his sweater was pulled above his head so he could not see. He then began to feel the kicks, stomps and punches being doled out by gang members for his refusal to participate in smuggling contraband. At some point, one the gang members yelled out "Snitches get stitches!" and then Plaintiff Days heard a snapping sound, like that of a broom or a mop stick. The gang members then grabbed each of Plaintiff Days' legs and pulled his pants down to his ankles. At this point, the gang members brutally raped Plaintiff Days by ramming a broken broom handle into his rectum, causing injury and immense pain as well as other physical injuries and emotional distress from the attack.

11.

The gang members then left the bathroom, telling the Plaintiff Days to stay down until they were gone. Plaintiff Days then went back to his dorm where he called the PREA hotline. He then alerted the officer in his dorm about the sexual assault and was taken to the prison medical facility for an exam and treatment. After informing the Defendant Hill that he had contacted PREA regarding the attack, Plaintiff Days was denied medical treatment. A day after contacting the PREA hotline, Plaintiff Days was visited by PREA Investigator Town who gave him an exam and composed a report.

12.

After Investigator Town left, Plaintiff Days received no medical treatment. Despite multiple requests for care, Defendant Hill who was the doctor in charge, refused to provide care to Plaintiff Days because he had contacted PREA officials. Plaintiff Days was not given any medical care or treatment; Defendant Hill simply took his vitals and gave him a couple aspirin and ignored his pleas for care for his serious injuries.

13.

While held in the medical facility, Plaintiff Days repeatedly requested a grievance form, but was erroneously informed each time that the medical facility "did not do grievances" and thus had to wait until thirteen days after the incident to

file grievances. Three of his grievances never received answers but one was forwarded to Internal Investigations Unit on December 30, 2014.

14.

The Defendants Crickmar and Hammock were deliberately indifferent to inadequate security measures at Hays State Prison including not taking adequate security measures to control the wide spread pattern and practice of gang violence at Hays State Prison, refusing to grant to protective custody to Plaintiff Days who was in legitimate fear of violent retribution by gang members.

15.

Defendant Dr. Hill was deliberately indifferent to the severe injuries and medical attention that Plaintiff Days required following the beating and sexual assault he suffered. Defendant Dr. Hill, upon learning that Plaintiff Days had contacted the PREA hotline after he was raped with a broom handle, refused to provide Plaintiff Days with any medical attention or treatment for his obvious injuries. Further, Defendant Dr. Hill refused to give him a grievance form.

## CAUSE OF ACTION

16.

Defendants Crickmar and Hammock who are directly responsible for the security staffing and well being of inmates at the Hays State Prison were deliberately indifferent to the security of Plaintiff Days by refusing him protective

custody and substantial risk of physical harm to Plaintiff Days following threats of gang members in violation of Georgia Department of Corrections protocol that inmates should be afforded protective custody when requested and in violation of the Eighth Amendment of the United States Constitution and the Civil Rights Laws of the United States.

17.

Defendants Crickmar and Hammock who are directly responsible for the security and wellbeing of inmates at the Hays State Prison were deliberately indifferent to the substantial risk of physical harm to Plaintiff Days in failing to maintain adequate security and failing to control gangs and violent gang attacks at Hays State Prison in violation of the Eighth Amendment of the United States Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act.

18.

Defendants Crickmar and Hammock who are directly responsible for the security and wellbeing of inmates at the Hays State Prison were deliberately indifferent to inmate rapes by failing to establish a "zero tolerance" policy for the incidents of prison rape at Hays State Prison as required by the Prison Rape Elimination Act.

19.

The deliberate indifference and failure of Defendants Crickmar and Hammock, to provide protective custody for Plaintiff Days as well as failure to control gangs and gang violence at Hays State Prison, and to institute measures to implement "zero tolerance" to prison rapes at Hays State Prison were the proximate cause of the violent physical and sexual attack and the resulting injuries of Plaintiff Days in violation of the Eighth Amendment of the United States Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act.

20.

The refusal and deliberate indifference of Defendant Dr. Hill to provide medical attention and treatment for Plaintiff Days' injuries resulting from the physical and sexual attack by gang members was in violation of the Eighth Amendment of the United States Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act.

21.

The Defendants' reckless disregard and deliberate indifference for safety and substantial risk of serious harm by gang assailant inmates to Plaintiff Days directly and proximately caused the serious injury and caused great pain and suffering as well as serious emotional distress to Plaintiff Days in violation of the Eighth

Amendment of the United States Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act.

22.

Plaintiff Days brings this action against the Defendants, jointly and severally, in their individual capacities for damages who under color of law have caused or have been deliberately indifferent to the substantial risk of serious harm to Plaintiff Days which did cause him serious injury and resulting damages in violation of the Eighth Amendment of the United States Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act.

23.

The Defendants in their individual capacities knew that their actions or deliberate indifference would pose a substantial risk of serious harm to Plaintiff Days in violation of Georgia Department of Corrections protocol regarding protective custody and the Constitution and laws of the United States and the Constitution and laws of the State of Georgia. The actions of the Defendants under color of law violated clearly established constitutional rights of which they knew or a reasonable person would have known. The pre-existing law was apparent and its contours sufficiently clear that they should have understood that what the Defendants were doing in exposing Plaintiff Days and similarly situated inmates to substantial risk of serious physical and sexual harm by failing to maintain adequate

security at Hays State Prison and failing to protect Plaintiff Days from the violent physical and sexual attack by gang members in violation of the Eighth Amendment of the United States Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act.

24.

Plaintiff Days is entitled to recover damages as provided by law from the Defendants, jointly and severally, in their individual capacities in compensation for the injuries that he received because of actions and deliberate indifference of the Defendants.

25.

The actions of the Defendants were intentional and reckless, entitling Plaintiff Days to an appropriate award of punitive and exemplary damages.

WHEREFORE, Plaintiff Days prays that the Court grant the relief to which he is entitled in this proceeding, including:

(1)     That the Plaintiff Days be awarded compensatory damages, jointly and severally, against Defendants Crickmar and Hammock, in their individual capacities for their deliberate indifference in failing to maintain adequate security and failing to protect Plaintiff Days from the violent physical and sexual attack and his resulting injuries in violation Eighth Amendment of the United States

Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act;

(2) That Plaintiff Days be awarded compensatory damages, against Defendant Dr. Hill for the refusal and deliberate indifference for failing to provide medical attention and treatment for Plaintiff Days' injuries resulting from the physical and sexual attack by gang members in violation of the Eighth Amendment of the United States Constitution and the Civil Rights Laws of the United States and the Prison Rape Elimination Act;

(3) That Plaintiff Days be awarded punitive damages against the individual Defendants in their individual capacities;

(4) That the Court award attorney's fees and the costs of this action;

(5) That the Court award such other relief as may be proper; and

(6) That this case be tried by jury.

*S/ McNeill Stokes*
McNeill Stokes
Georgia Bar Number 683600
Attorney for Plaintiff

1040 Peachtree Battle Ave.
Atlanta, Georgia 30327
Telephone 404-352-2144
Facsimile 404-367-0353
Email: mcstokes@bellsouth.net