## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERNDISTRICT OF GEORGIA
## ROME DIVISION

ALFRED DAYS                          :
                                     :
    Plaintiff,                 :
                                     :        Civil Action No.:
v.                                   :        4:15-CV-00083
SCOTT CRICKMAR,                      :
    WARDEN,  et al.,           :
                                     :
    Defendants.                :

### ANSWER AND DEFENSES OF DEFENDANT'S CRICKMAR AND HAMMOCK

COME NOW Defendants, Warden Scott Crickmar and Deputy Warden Alisa Hammock[1], by and through their attorney, the Attorney General for the State of Georgia, and hereby answer Plaintiff's Amended Complaint[2] (Doc. 19) as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim against any Defendant upon which relief may be granted.

---

[1] Dr. Monica Hill was also named as a Defendant in this Action.  However, Dr. Hill has filed a separate Motion to Dismiss the claims against her.  Thus, this Answer and Defenses is being filed on behalf of the remaining defendants only and nothing contained herein is intended to include any response on behalf of same.

[2] Plaintiff's claims against Defendants alleging violations of The Prison Rape Elimination Ace ("PREA") were dismissed by this Court in the 28 U.S.C. § 1915 screening Order. (Docs. 17; 22). Accordingly, Defendants are limiting the scope of their Answer and Defenses to Plaintiff's 42 U.S.C. § 1983 claim.

## SECOND DEFENSE

Defendants deny that they deprived Plaintiff of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## THIRD DEFENSE

Defendants deny they were deliberately indifferent to a substantial risk of serious harm to Plaintiff, or otherwise violated Plaintiff's Eighth Amendment rights.

## FOURTH DEFENSE

No Defendant or Defendants can be held liable under 42 U.S.C. § 1983 for the alleged actions or omissions of another Defendant, or other individual, under a theory of vicarious liability.

## FIFTH DEFENSE

Defendants are entitled to qualified immunity for the claims asserted by Plaintiff.

## SIXTH DEFENSE

No act or omission of any Defendant was the proximate cause of any injury to Plaintiff.

## SEVENTH DEFENSE

Without waiving any of the above defenses and in answer to Plaintiff's Amended Complaint, Defendants state as follows:

### PLAINTIFFS

2[3].

Defendants admit the allegations contained in paragraph 1 of the Amended Complaint.

### DEFENDANTS

3.

Defendants admit that at all times relevant, Scott Crickmar was the Warden of Hays State Prison, and that Alisa Hammock was the Deputy Warden at Hays State Prison. Based upon information and belief, Defendants Crickmar and Hammock further admit that Dr. Hill was a medical doctor at Hays State Prison. Defendants Crickmar and Hammock admit that Hays State Prison is located in Trion, Georgia, and that Trion, Georgia is located within the Northern District of Georgia. Defendants Crickmar and Hammock admit that this Court has personal jurisdiction over them. Based upon information and belief, Defendants Crickmar and

---

[3] There is only one Plaintiff, so, defendants assume that the reference to "Plaintiffs" is a typo. Furthermore, there is no paragraph numbered one in the Amended Complaint.

Hammock admit that this Court has personal jurisdiction over Defendant Hill.

## JURISDICTION

### 4.

Defendants Crickmar and Hammock admit this Court has original jurisdiction over the subject matter of the Amended Complaint under 28 U.S.C. § 1331 and that because Plaintiff alleges that his constitutional rights were violated, his claim arises under 42 U.S.C. § 1983. Defendants Crickmar and Hammock deny that Plaintiff's constitutional rights were, in fact, violated.

## VENUE

### 5.

Defendants Crickmar and Hammock admit the allegations contained in paragraph 5 of the Amended Complaint. Based upon information and belief, Defendants Crickmar and Hammock admit that venue is proper as to Defendant Hill.

## PREREQUISITES TO FILING

### 6.

Defendants Crickmar and Hammock admit that Plaintiff's records indicate that he filed a grievance regarding the allegations of sexual assault contained in his Amended Complaint, and that that grievance was forwarded to Internal

Investigations for further processing.  Defendants Crickmar and Hammock are without sufficient information and knowledge as to whether Plaintiff has exhausted his claims against Defendant Hill. Defendants Crickmar and Hammock deny the remaining allegations contained in paragraph 6 of the Amended Complaint.

## ALLEGED OPERATIVE FACTS

### 7.

Defendants Crickmar and Hammock admit that on December 19, 2014, Plaintiff was housed at Hays State Prison. Defendants Crickmar and Hammock deny the remaining allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

### 8.

Defendants Crickmar and Hammock admit that prior to December 19, 2014, Plaintiff was assigned to an outside work detail for lawn maintenance in Ringgold, Ga. Defendants Crickmar and Hammock deny the allegations contained in paragraph 8 of the Amended Complaint.

### 9.

Defendants Crickmar and Hammock deny all allegations contained in paragraph 9 of the Amended Complaint.

10.

Defendants Crickmar and Hammock admit that Plaintiff's records indicate that Plaintiff alleges he was sexually assaulted on December 19, 2014.  Defendants Crickmar and Hammock are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 10 of the Amended Complaint, and therefore deny same.

11.

Defendants Crickmar and Hammock admit that Plaintiff's prison records indicate that Plaintiff filed a grievance alleging sexual assault. Defendants Crickmar and Hammock admit that Plaintiff's records further demonstrate that Plaintiff was taken to the medical area of Hays State Prison for an exam. Defendants Crickmar and Hammock are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 11 of the Amended Complaint, and therefore deny same.

12.

Defendants Crickmar and Hammock are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 12 of the Amended Complaint, and therefore deny same.

13.

Defendants Crickmar and Hammock are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 12 of the Amended Complaint, and therefore deny same.

14.

Defendants Crickmar and Hammock deny all allegations contained in paragraph 14 of the Amended Complaint.

15.

Defendants Crickmar and Hammock are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Amended Complaint, and therefore deny same.

## CAUSE OF ACTION

16.

Defendants Crickmar and Hammock deny the allegations contained in paragraph 16 of the Amended Complaint.

17.

Defendants Crickmar and Hammock deny the allegations contained in paragraph 16 of the Amended Complaint.

18.

Defendants Crickmar and Hammock deny the allegations contained in paragraph 18 of the Amended Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20.

Defendants Crickmar and Hammock are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Amended Complaint, and therefore deny same.

21.

Defendants Crickmar and Hammock deny the allegations contained in paragraph 21 of the Amended Complaint.

22.

Defendants Crickmar and Hammock admit that Plaintiff is suing them jointly and severally, in their individual capacity. Defendants Crickmar and Hammock deny the remainder of the allegations contained in paragraph 22 of the Amended Complaint.

23.

Defendants Crickmar and Hammock deny the allegations contained in paragraph 23 of the Amended Complaint.

24.

Defendants Crickmar and Hammock deny the allegations contained in paragraph 24 of the Amended Complaint.

25.

Defendants Crickmar and Hammock deny the allegations contained in paragraph 25 of the Amended Complaint.

Responding to the unnumbered paragraph following paragraph 25, which begins with the word "Wherefore," Defendants deny that Plaintiff is entitled to any relief in any amount from these Defendants and specifically deny he is entitled to the relief requested.

Any allegation not specifically admitted, denied, or otherwise responded to is hereby denied.

Wherefore, having fully responded to the Restated Complaint, Defendants respectfully request that judgment be entered in their favor and against Plaintiff and that they be awarded the costs and attorneys fees associated with defending this action.

## **DEMAND FOR JURY TRIAL**

Pursuant to the Rules of Civil Procedure, Defendants hereby demand a jury

trial on all issues triable by a jury.

Respectfully submitted this 21st day of September, 2015.

|  |  |
|---|---|
|  | SAMUEL S. OLENS                              551540<br>Attorney General |
|  | KATHLEEN M. PACIOUS                    558555<br>Deputy Attorney General |
|  | /s/ Devon Orland<br>DEVON ORLAND                              554301<br>Senior Assistant Attorney General |
| Please Address All<br>Communications To: | /s/ Elizabeth M. Crowder<br>ELIZABETH M. CROWDER   100809<br>Assistant Attorney General |
| ELIZABETH M. CROWDER<br>Assistant Attorney General<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334-1300<br>Telephone: (404) 463-8850<br>Facsimile:  (404) 651-5304<br>Email: ecrowder@law.ga.gov |  |

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2015, I electronically filed the foregoing **ANSWER AND DEFENSES OF DEFENDANT'S CRICKMAR AND HAMMOCK** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> McNeill Stokes, Esq.
> Attorney for Plaintiff
> 1040 Peachtree Battle Avenue
> Atlanta, GA 30327
> mcstokes@bellsouth.net


> /s/ Elizabeth M. Crowder
> Georgia Bar No.: 100809
> Assistant Attorney General

Please Address All
Communications To:
ELIZABETH M. CROWDER
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
Email: ecrowder@law.ga.gov