IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERNDISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ALFRED DAYS | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | 4:15-CV-00083-HLM-WEJ |
| | : | |
| SCOTT CRICKMAR, | : | |
| WARDEN,  et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' INITIAL DISCLOSURES

Defendants, Warden Scott Crickmar, Deputy Warden Alisa Hammock, and Dr. Monica Hill, (collectively herein, the "Defendants"), pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.1, file their Initial Disclosures as follows:

(1) If the defendants are improperly identified, state defendants' correct identification and state whether defendants will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:

**RESPONSE:** The Defendants, while denying liability, do not contend they are improperly identified in the Amended Complaint and thus this item is not applicable. The Defendants do not consent to the issuance of any amended summons or complaint seeking to add additional defendants to this lawsuit.

(2) Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If defendants contend that there is a question of misjoinder of parties, provide the reasons for defendants' contention.

**RESPONSE:** The Defendants are not currently aware of any necessary parties to this action who have not been named.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendants in the responsive pleading.

**RESPONSE:**

This is an action brought by Alfred Days, pursuant to 42 U.S.C. § 1983, Days contends that, while housed at Hays State Prison, he was assigned to work outside detail doing lawn maintenance. Plaintiff further alleges that gang members asked him to bring contraband into the facility. Days refused. After that, Days began to be threatened by the gang members. In October 2014, Plaintiff was placed in administrative segregation. Prior to being released, Plaintiff avers that he asked to remain in protective custody, and, because he refused to provide the names of the persons threatening him, he was placed back in general population by Crickmar and Hammock.

Plaintiff was subsequently assigned to work detail in the kitchen. Plaintiff contends that on December 19, 2014 as he left the kitchen area bathroom he was grabbed from behind around the neck, and dragged back into the bathroom.  Once inside, Plaintiff avers that he was beaten by gang members, and sexually assaulted.

The Defendants deny that they committed the acts alleged in the Amended Complaint and reassert all defenses previously set forth in their Answer and Motion to Dismiss. (Docs. 24, 25).  Plaintiff cannot prevail on an Eighth Amendment failure to protect claim, as there is no evidence that any Defendant was subjectively aware of a substantial risk of serious harm to Mr. Days and failed to respond reasonably to the risk.  There is similarly no evidence that the acts or omissions of any Defendant were the cause of Mr. Days' injuries.  Plaintiff also cannot prevail on an Eighth Amendment failure to provide adequate medical care claim, as there is no evidence that any Defendant was deliberately indifferent to any serious medical need of Mr. Days.

The aforementioned responses are based upon information currently available to the Defendants.  To the extent additional information becomes available during discovery or otherwise, the Defendants reserve the right to supplement, alter, or amend these responses accordingly.

(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendants contend are applicable to this action.

**RESPONSE:**

28 U.S.C. § 1997

42 U.S.C. § 1983

*Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998)

*Anderson v. Creighton*, 483 U.S. 635 (  )

*Anderson v. Donald*, 261 F. App'x 254 (11th Cir. 2008).

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

*Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011)

*Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987)

*Bryant v. Rich*, 530 F.3d 1368 (11th Cir. Ga. 2008)

*Burnett v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)

*Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003)

*Cottrell v. Caldwell*, 85 F. 3d 1480 (11th Cir. 1996)

*Edwards v. Gilbert*, 867 F.2d 1271 (11th Cir. 1989)

*Estelle v. Gamble*, 429 U.S. 97 (1976)

*Farmer v. Brennan*, 511 U.S. 825 (1994)

*Goebert v. Lee*, 510 F.3d 1312 (11th Cir. 2007)

*Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013)

*Harris v. Thigpen*, 941 F.2d 1495, 1504, 1510 (11th Cir. 1991)

*Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000)

*Hill v. DeKalb Reg. Youth Det. Ctr.*, 40 F.3d 1176 (11th Cir. 1994) (*abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002)

*Hope v. Pelzer*, 536 U.S. 730 (2002)

*Johnson v. Meadows*, 418 F.3d 1152 (11th Cir. 2005).

*Jones v. Bock*, 549 U.S. 199 (2007)

*LaMarca v. Turner*, 995 F.2d 1526 (11th Cir. 1993)

*Lancaster v. Monroe Cnty.*, 116 F.3d 1419 (11th Cir. 1997)

*Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002)

*Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir. 2001) (en banc)

*McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999)

*Nair v. Sikes*, 1996 U.S. Dist. LEXIS 20907 (N.D. Ga. 1996)

*Pearson v. Callahan*, 129 S.Ct. 808 (2009)

*Poole v. Rich*, 312 F. App'x 165 (11th Cir. 2008)

*Popham v. City of Talladega*, 908 F.2d 1561, 1564 (11th Cir. 1990)

*Porter v. Nussle*, 534 U.S. 516 (2002)

*Rizzo v. Goode*, 423 U.S. 362 (1976)

*Russell v. Williams*, 2008 U.S. Dist. LEXIS 97033, 8 (S.D. Ga. 2008)

*Smith v. Terry*, 491 F. App'x 81 (11th Cir. 2012)

*Solliday v. Federal Officers*, 413 F. App'x 206 (11th Cir. 2011)

*Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)

*Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)

*Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)

*United States v. Lanier*, 520 U.S. 259 (1997)

*Vinyard v. Wilson*, 311 F.3d 1340 (11th Cir. 2002)

*Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)

*Woodford v. Ngo*, 548 U.S. 81 (2006)

*Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986)

This list is not exhaustive and the Defendants reserve the right to supplement this response as needed.

(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:** See Attachment A

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:** The Defendants have not yet made decisions regarding expert witnesses expected to testify at trial pursuant to the referenced Federal Rules. To the extent such disclosures become necessary, they will be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, as well as any Discovery Order entered by the Court.

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:** See Attachment C

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and

7

location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:** Not Applicable.

(9) If defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** Alfred Days informed Hays State Prison personnel that he was beaten by unidentified other inmates of Hays on or about December 19, 2014.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** Defendant may be covered by the liability insurance administered by the Georgia Department of Administrative Services. Copies of

documents pertaining to said insurance coverage are available for inspection and photocopying at the Department of Administrative Services.

Respectfully submitted this 21st day of October, 2015.

|  |  |
|---|---|
| | SAMUEL S. OLENS          551540 |
| | Attorney General |
| | |
| | KATHLEEN M. PACIOUS   558555 |
| | Deputy Attorney General |
| | |
| | /s/ Devon Orland |
| | DEVON ORLAND              554301 |
| Please Address All | Senior Assistant Attorney General |
| Communications To: | |
| | /s/ Elizabeth M. Crowder |
| ELIZABETH M. CROWDER | ELIZABETH M. CROWDER   100809 |
| Assistant Attorney General | Assistant Attorney General |
| 40 Capitol Square, S.W. | |
| Atlanta, Georgia 30334-1300 | |
| Telephone: (404) 463-8850 | |
| Facsimile:  (404) 651-5304 | |
| Email: ecrowder@law.ga.gov | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the above and foregoing brief has been prepared in compliance with the font and point selections approved by the Court, as set forth in Local Rule 5.1.

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2015, I electronically filed the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>McNeill Stokes, Esq.
>Attorney for Plaintiff
>1040 Peachtree Battle Avenue
>Atlanta, GA 30327
>mcstokes@bellsouth.net

>/s/ Elizabeth M. Crowder
>Georgia Bar No.: 100809
>Assistant Attorney General

Please Address All
Communications To:
ELIZABETH M. CROWDER
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
Email: ecrowder@law.ga.gov

# ATTACHMENT A

Warden Scott Crickmar, Defendant, c/o Hays State Prison, 777 Underwood Road, Trion, GA 30853, 706-857-0400, may have information with regard to plaintiff's placement in administrative segregation on or about October, 2014, and information regarding decisions relating Plaintiff's housing at Hays State Prison in late 2014.

Deputy Warden Alisa Hammock, Defendant, c/o Hays State Prison, 777 Underwood Road, Trion, GA 30853, 706-857-0400, may have information with regard to plaintiff's placement in administrative segregation on or about October, 2014, and information regarding decisions relating Plaintiff's housing at Hays State Prison in late 2014.

Lieutenant Joshua Jones, c/o Hays State Prison, 777 Underwood Road, Trion, GA 30853, 706-857-0400, may have information with regard to plaintiff's placement in administrative segregation on or about October 2014, and information regarding decisions relating Plaintiff's housing at Hays State Prison in late 2014.

Dr. Monica Hill, Defendant, c/o Hays State Prison, 777 Underwood Road, Trion, GA 30853, 706-857-0400, may have information with regard to the medical treatment received by the Plaintiff on or near the date of the alleged assault.

Nurse Deborah Wright, c/o Hays State Prison, 777 Underwood Road, Trion, GA 30853, 706-857-0400, may have information with regard to the medical treatment received by the Plaintiff on or near the date of the alleged assault.

Kimberly Foster, RN, SANE Nurse examiner, Global Diagnostic Services, Inc., PO Box 83526, Conyers, GA 30013, may have information with regard to the medical treatment received by the Plaintiff on or near the date of the alleged assault, and the extent of Plaintiff's injuries, if any.

DeMarlos Jones, GDC ID 1259838, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Gregory Braziel, GDC ID 879304, an inmate named in the incident report as a

witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Anthony Estes, GDC ID 380923, an inmate named in the incident report as a witness (currently housed at Telfair State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Nkosi Gadson, GDC ID 1289128, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Timothy Guest, GDC ID 1000873960, an inmate named in the incident report as a witness (currently housed at Telfair State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Derrick Maxey, GDC ID 436347, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Sheron Mitchell, GDC ID 1085530, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Rahim Muhammad, GDC ID 1000907210, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Rodney Perkins, GDC ID 1086785, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

George Reid, GDC ID 749305, an inmate named in the incident report as a witness (currently housed at Rogers State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Rodney Richardson, GDC ID unknown, an inmate named in the incident report as a witness, may have information about the alleged assault on Plaintiff occurring on or

about December 19, 2014.

Dwayne Robinson, GDC ID 1001067959, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Roderick Smith, GDC ID 1000751139, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Gary Walker, GDC ID 1220969, an inmate named in the incident report as a witness (currently housed at Hays State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Danny Wilson, GDC ID 511697, an inmate named in the incident report as a witness (currently housed at Augusta State Medical Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Demarcus Wilson, GDC ID 1281574, an inmate named in the incident report as a witness (no longer housed in the Georgia Department of Corrections) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Michael Young, GDC ID 502432, an inmate named in the incident report as a witness (currently housed at Rogers State Prison) may have information about the alleged assault on Plaintiff occurring on or about December 19, 2014.

Plaintiff.

Any person identified by Plaintiff.

Discovery is in its early stages and, in the event that additional witnesses become known to Defendants, this response will be supplemented in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

# **ATTACHMENT C**

Plaintiff's movement history within the Georgia Department of Corrections.

Records within Plaintiff's institutional file reflecting Plaintiff's housing in late 2014, and Plaintiff's detail assignments.

Disciplinary Reports within Plaintiff's GDC records.

Medical Records of Plaintiff from the month of December 2014.

Plaintiff's GDC grievance history.

Incident report number 166709.

Georgia Department of Corrections SAE Report

Discovery is in its early stages and, in the event that additional documents become known to Defendants, this response will be supplemented in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.