IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ALFRED DAYS, | : | PRISONER CIVIL RIGHTS |
| GDC No. 1273590, | : | 42 U.S.C. § 1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN SCOTT CRICKMAR, | : | |
| et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 4:15-CV-83-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, Alfred Days, a Georgia prison inmate represented by counsel, is proceeding on his individual-capacity Eighth Amendment claims against defendants, Warden Scott Crickmar and Deputy Warden Alisa Hammock, who are employed at Hays State Prison ("Hays") in Trion, Georgia. (See Order of Aug. 11, 2015 [20], at 3-5; Order of July 20, 2016 [39], at 4.) The case is before the Court on defendants' Motion for Summary Judgment [40], plaintiff's Response in opposition [41], and defendants' Reply [42]. For the reasons stated below, the undersigned **RECOMMENDS** that defendants' Motion for Summary Judgment be **GRANTED**.

## I.    STATEMENT OF FACTS

In support of their Motion for Summary Judgment, defendants filed a Statement of Undisputed Facts [40-1] and a copy of plaintiff's deposition [40-3, 40-4, 40-5] with the parties' exhibits attached [40-6]. Plaintiff filed a Response to defendants' Statement of Undisputed Facts [41-1], but he did not file a statement of additional facts as he could have done pursuant to N.D. Ga. R. 56.1B.(2)b. Plaintiff sets out facts in his brief, but the Court does not consider them pursuant to N.D. Ga. R. 56.1B.(1)(d) and 56.1B.(2)b.

The parties do not dispute the following facts. In October 2014, prisoners who were gang members demanded that plaintiff smuggle contraband into Hays when returning from his outside work detail. (Stmt. ¶¶ 5, 7; Resp. ¶¶ 5, 7.) Plaintiff refused to do so, and the gang members consequently threatened him. (Stmt. ¶ 8; Resp. ¶ 8.) Plaintiff reported the threats to Sergeant Swinford, who placed him on "pending investigation" status. (Stmt. ¶¶ 9, 11; Resp. ¶¶ 9, 11.) Plaintiff wrote to defendants and asked to be placed in protective custody, but he did not receive a response. (Stmt. ¶¶ 16-18; Resp. ¶¶ 16-18.)

When the investigation was complete in early December 2014, Hammock decided to house plaintiff in the Y building, which is the safest part of Hays. (Stmt.

2

¶¶ 19-24, 26-27; Resp. ¶¶ 19-24, 26-27.) However, on December 19, 2014, plaintiff "was allegedly physically and sexually assaulted in the kitchen bathroom at Hays." (Stmt. ¶ 31; Resp. ¶ 31.) Plaintiff claims that defendants failed to protect him from being assaulted. (See Second Am. Compl. [19] 4-5; Order & Non-Final R. & R. of July 22, 2015 [17], at 4-5.)

## II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute exists as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325. "In assessing whether the movant has met this burden, the [court] should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (citing Clemons v. Dougherty Cty., 684 F.2d 1365, 1368-69 (11th Cir. 1982)).

AO 72A
(Rev.8/82)

Once the moving party has adequately supported its motion, the nonmoving party then has the burden of showing a genuine dispute as to a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party may not rest upon mere allegations or denials contained in the pleadings. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Additionally, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position" is insufficient to defeat summary judgment. Id. at 252. Instead, the court must determine "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . ." Id.

### III.  DISCUSSION

Defendants argue that they are entitled to qualified immunity. (Defs. Br. [40-2] 4-13.) "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted). Defendants must show that they acted within the scope of their discretionary authority when the allegedly unconstitutional conduct occurred. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 n.14 (11th Cir.

2010). Defendants have made that showing because selecting an inmate's housing assignment is an action within the discretionary authority of prison officials. Now, plaintiff must show facts that establish the violation of a constitutional right, which must be clearly established at the time of defendants' alleged conduct. See Pearson, 555 U.S. at 232, 236.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; see also Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam). "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded

5

reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

In the present case, it is undisputed that the gang members' threats against plaintiff were investigated, resulting in Hammock's decision to house plaintiff in the Y building, which is the safest part of Hays. Defendants thus did not disregard the threats, and they responded reasonably to the risk by placing plaintiff in the safest part of the prison. Therefore, plaintiff fails to show that defendants were deliberately indifferent to his safety. Plaintiff was allegedly assaulted after being assigned to the Y building, but the deliberate indifference standard does not require defendants to prevent every possible act of violence among inmates. See Farmer, 511 U.S. at 834, 844-45.

Accordingly, plaintiff has not shown facts establishing a violation of his Eighth Amendment rights, and a reasonable jury could not find by a preponderance of the evidence that he is entitled to prevail on his claims against defendants. The undersigned concludes that defendants are entitled to qualified immunity.

## IV.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that defendants' Motion for Summary Judgment [40] be **GRANTED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 24th day of January, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE